Basil R. BROWNE, Plaintiff–
Appellant,

v.

QUEEN'S COLLEGE CITY UNIVER-
SITY OF NEW YORK, Samuel Heil-
man, Charles Smith, Dean Savage,
Carmenza Gallo, Patricia Clough,
Pyong Gap Min, Andrew Beverage,
and Jane Denkensohn, Defendants–
Appellees.

No. 05–6690–cv.

United States Court of Appeals,
Second Circuit.

Oct. 27, 2006.

**524**

Samuel O. Maduegbuna, Maduegbuna Cooper LLP (Kenechukwu C. Okoli, on the brief), New York, New York, for Plaintiff–Appellant.

Gregory Silbert, Assistant Solicitor General (Eliot Spitzer, Attorney General, on the brief, Michelle Aronowitz, of counsel), New York, New York, for Defendants–Appellees.

PRESENT: Hon. WALKER, Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

■ Plaintiff-appellant Browne appeals a November 29, 2005, order (Sandra J. Feuerstein, *Judge*), granting summary judgment for the defendants-appellees and dismissing his complaint. Plaintiff appeals only his retaliation claim pursuant to Title VII, 42 U.S.C. § 2000e–3. Browne claims in his preliminary statement that he is also appealing the dismissal of his disparate treatment claim, but the issue is nowhere mentioned in the body of his brief, and we consider it waived. We assume familiarity with the facts and procedural history of this case.

■ Plaintiff contends that summary judgment was inappropriate because he produced sufficient evidence to send the case to a jury on two theories: 1) that the suspension of internal review of plaintiff's discrimination claim because plaintiff filed an EEOC charge was retaliation; and 2) that the denial of his request for a second term of leave constituted retaliation. As to plaintiff's first theory, while the suspension of internal review might well be a "materially adverse" action in the view of a "reasonable employee," *see Burlington Northern & Santa Fe Railway Co. v. White*, — U.S. —, 126 S.Ct. 2405, 2415, 165 L.Ed.2d 345 (2006), plaintiff has adduced no evidence that the internal review

actually ceased upon transfer from the Affirmative Action Committee ("AAC") to the General Counsel's office. The transfer of jurisdiction from the AAC to the General Counsel's office does not, standing alone, constitute adverse employment action.

■ As to plaintiff's second theory, assuming plaintiff made out a prima facie case, plaintiff did not adduce evidence sufficient to support a reasonable jury finding that the denial of additional leave was not for the legitimate reason given by defendants. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 208–09 (2d Cir.1990) (framework for Title VII retaliation claims). While we are skeptical of the district court's view that the temporal gap between the filing of plaintiff's EEOC complaint and the denial of plaintiff's leave request as a matter of law bars a finding of casual link between the two, defendants were entitled as a matter of law to deny plaintiff's request for an additional semester of leave on the basis of Dr. Eshkenazi's evaluation that plaintiff was able to return to work.

Plaintiff argues that Dr. Subramanian's medical report demonstrates that he was entitled to a second leave of absence or, in the alternative, that defendants' failure, after Dr. Eshkenazi certified that plaintiff could return to work, to follow Article 16.3(f) of the collective bargaining agreement and solicit the opinion of a third physician constitutes adverse employment action. However, Dr. Subramanian's sparse report did not state that plaintiff was unfit to return to work, and Article 16.3(f) is plainly inapplicable to plaintiff's case because it applies only to cases where the employee is seeking to be reinstated. Because plaintiff can point to no competent evidence that would challenge defendants' non-discriminatory reason for their actions, plaintiff cannot prevail.

We have considered plaintiff's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the Eastern District of New York is hereby **AFFIRMED**.